IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR79 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN FANO, | ) | GOVERNMENT'S TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Elliot Morrison and Brian M. McDonough, Assistant U.S. Attorneys, and hereby submits the following trial brief.

**I.     ANTICIPATED EVIDENTIARY ISSUES**

    A.     DEFENDANT'S STATEMENTS ARE SUBSTANTIVELY ADMISSIBLE UNDER RULE 801(d)(2) ONLY WHEN OFFERED BY THE GOVERNMENT.

The Government intends to admit some of Defendant's out-of-court statements for the truth of the matters asserted. Those statements include Defendant's statements in consensual recordings, email messages, and statements made in his non-custodial interview.

Out-of-court statements made by a party-opponent are excluded from the definition of hearsay under Rule 801(d)(2), but this exception does not apply when the same statements are offered by the party himself. The party-opponent exception reflects the fact that the adversarial process allows the party-declarant to rebut his own admissions by testifying at trial. *See United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005). This exception does not, however, extend to a party's attempt to introduce his own statements through the testimony of other witnesses.

1

*See United States v. Payne*, 437 F.3d 540, 547-48 (6th Cir. 2006). Precluding a defendant from eliciting inadmissible hearsay statements does not violate the Confrontation Clause. *See United States v. Ford*, 761 F.3d 641 (6th Cir. 2014).

Therefore, the Government respectfully requests that the Court prohibit defendant from introducing any of his out-of-court statements at trial through any witness other than himself.

B. GOVERNMENT WITNESS TESTIFYING PURSUANT TO PLEA AGREEMENT

The Government is entitled to elicit from witnesses who have plead guilty the contents of their plea agreements for the purpose of allowing the jury to assess credibility. The Sixth Circuit has held that the government may elicit the contents of a plea agreement from a witness on direct examination in anticipation of potential cross-examination and in order to afford the jury a better opportunity to evaluate the witness's credibility. *See United States v. Townsend*, 796 F.2d 158, 162-63 (6th Cir. 1986); *United States v. Walker*, 871 F.2d 1298, 1303 (6th Cir. 1989). Such testimony is permissible so long as it is not offered as substantive evidence of the defendant's guilt.[1] The Government intends to elicit testimony from Mr. Taylor concerning his understanding of his own plea agreement on direct examination.

C. THE JURY SHOULD NOT BE INFORMED OF THE CONSEQUENCES OF ITS VERDICT OR OF DEFENDANT'S HEALTH CONDITION.

If convicted in this case, Defendant faces a possible term of imprisonment, a fine, multiple restitution orders and forfeiture orders. Defendant may endeavor to educate the jury on the potential ramifications of a guilty verdict in this case with the hope of obtaining jury

---

[1] A plea agreement is not substantive evidence of guilt, and a limiting instruction concerning the use of such testimony would be appropriate, if requested. But the crimes to which Mr. Taylor has pled guilty do not directly implicate Defendant.

nullification. The Sixth Circuit has firmly rejected such a strategy: "[U]nless juries have roles in sentencing, such as in capital sentencing proceedings, juries should be instructed not to consider defendants' possible sentences during deliberation." *United States v. Chesney*, 86 F.3d 564, 574 (6th Cir. 1996). *See also United States v. Stotts*, 176 F.3d 880, 886 (6th Cir. 1999) ("the Supreme Court has held that juries should be instructed not to consider a defendant's possible sentence unless the jury has a specific role in sentencing"). The Supreme Court explained the reasoning behind insulating the jury from possible penalties in a case.

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

*Shannon v. United States*, 512 U.S. 573, 579 (1994). Accordingly, Defendant should not be permitted to distract and confuse the jury by inviting the jury to decide the issue of guilt with the knowledge of this Court's sentencing options or the applicable guidelines range.

Defendants often infuse sentencing into the trial under the guise of cross-examining a cooperating witness. For example, a defendant may ask the witness about the maximum penalty for the charged offense, may compare a cooperator's plea agreement to the defendant's status, or use the cooperator to contrast a defendant's perceived situation, i.e., "You pleaded guilty because you didn't want a trial to bankrupt you, cause family strain, etc."

The danger from appeals to sympathy is particularly acute here given Defendant's health condition, which is not relevant to the charges in any way. Introduction of such evidence would violate Fed. R. Evid. 401 and 403. *See, e.g.*, *United States Sec. & Exch. Comm'n v. Berrettini*,

No. 10-CV-1614, 2015 WL 4247776, at *3 (N.D. Ill. July 14, 2015); *United States v. Rabinowitz*, No. 2:11-CR-230, 2012 WL 3150959, at *2 (S.D. Ohio Aug. 2, 2012) ("if Defendant seeks to introduce his health issues in any way for any purpose, he must first make a proffer outside the hearing of the jury").

The Government moves this Court *in limine* to prohibit Defendant from eliciting any testimony or making any argument that may directly or indirectly inform the jury of sentencing options or endeavor to engender sympathy for Defendant based on his health condition or possible sentence. In so moving, the Government is not seeking to prohibit Defendant from questioning any witness about potential bias from a plea agreement. However, the Government raises the issue in advance to ensure that such questioning is tailored to focus squarely on bias and not inform the jury of the potential sentences Defendant faces.

    D.    EXCLUSION OF LAWFULNESS AND NON-CORRUPT CONDUCT EVIDENCE

The Government respectfully moves the Court to exclude all evidence of Defendant's lawfulness and non-corrupt conduct, except for reputation or opinion evidence offered by character witnesses strictly in accord with the limitations of Federal Rule of Evidence 405(a). Evidence of a defendant's "good acts" is sometimes referred to as "reverse 404(b) evidence" and is inadmissible.

    1.    *Good acts evidence is irrelevant and inadmissible.*

Federal Rules of Evidence 404(a) permits the limited use of character evidence in defined circumstances. Rule 404(a)(1) renders admissible "evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same." Although Rule 404(a) does not define "character trait," the term has traditionally "refer[red] to elements of one's disposition,

4

'such as honesty, temperance, or peacefulness.'" *See United States v. West*, 670 F.2d 675, 682 (7th Cir. 1982).  In this case, certain character traits may or may not be pertinent.

        2.       *Defendant's methods for proving character*

Should Defendant establish a basis for the admission of character evidence, Federal Rule of Evidence 405(a) governs the manner in which character may be proved.  Generally, evidence of a defendant's character must be presented in the form of opinion or reputation testimony.  Often, a defendant seeks to establish his innocence of the charged offenses through proof of the absence of criminal acts on other specific occasions.  Such an attempt to prove character through specific acts is impermissible.  *See United States v. Daulton*, 266 F. App'x 381, 386 (6th Cir. 2008) (citations and internal quotations omitted) ("Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant."); *see also United States v. Scarpa*, 897 F.2d 63 (2d Cir. 1990); *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991); *United States v. Hill*, 40 F.3d 164, 169 (7th Cir. 1994).

Often in an effort to distract the jury from the charges for which a defendant stands trial, defendant may seek to elicit evidence that on prior occasions, the defendant committed good acts, such as properly doing his job.  Sometimes such evidence is affirmatively offered, but often defendant presents the evidence in the form of questions posed on cross-examination, such as, "Isn't it true that defendant did not do anything improper on this occasion?" or "Isn't it true defendant always treated you with respect?" or "Isn't it true that defendant was a hard worker?"  Only when character "is an essential element of a charge, claim or defense" may the defendant introduce specific instances of conduct.  *See* Fed. R. Evid. 405(b).

Any evidence of this sort is inadmissible and should be excluded.  To the extent Defendant offers character evidence, he should be permitted to do so only in accordance with the

5

limitations of Federal Rule of Evidence 405(a), which permits opinion or reputation testimony, not specific acts of good conduct.

In order to avoid surprise and possible error, it would be proper for the Court to require that the defense disclose any such evidence or argument in advance, in order to provide the Government an opportunity to object.  *See United States v. Shields*, 1991 WL 236492 at *2 (N.D. Ill. 1991); *see also United States v. Kemp*, 362 F. Supp. 2d 591, 593-94 (E.D. Penn. 2005). Accordingly, the Government respectfully requests this Court order Defendant to provide advance notice of intent to offer any "good acts" evidence.  Absent such notice, the Government respectfully requests that Defendant be barred from referring to specific "good acts" in opening statements and from introducing such evidence.

        3.     *Rebutting Defendant's character evidence*

"Once the defendant has 'opened the door' by offering evidence as to his good character, the prosecution may rebut that evidence." *United States v. Clark*, No 00-1743, 2001 WL 1631826 *3 (6th Cir. 2001) (citing *United States v. McGuire*, 744 F.2d 1197, 1204 (6th Cir. 1984)).  The Supreme Court has long cautioned defendants:

> The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him. The prosecution may pursue the inquiry with contradictory witnesses to show that damaging rumors, whether or not well-grounded, were afloat–for it is not the man that he is, but the name that he has which is put in issue. Another hazard is that his own witness is subject to cross-examination as to the contends and extent of the hearsay on which he bases his conclusions, and he may be required to disclose rumors and reports that are current even if they do not affect his own conclusion. It may test the sufficiency of his knowledge by asking what stories were circulating concerning events, such as one's arrest, about which people normally comment and speculate. Thus, while the law gives defendant the option to show as a fact that his reputation reflects a life and habit incompatible with commission of the offense charged, it subjects his

6

>proof to tests of credibility designed to prevent him from profiting
>by a mere parade of partisans.

*United States v. Michelson*, 335 U.S. 469, 479 (1948).

While the defendant is limited to opinion and reputation testimony to prove character, the prosecution may rebut that evidence through cross-examination of defense witnesses about specific instances of conduct and through testimony of character witnesses.  Id. Should Defendant put forth evidence of good character in his defense, the Government intends to rebut such evidence through all means permissible under the Federal Rules of Evidence.

    E.    <u>DEFENDANT SHOULD NOT BE PERMITTED TO PRESENT A DEFENSE BASED ON OTHERS' UNLAWFUL CONDUCT.</u>

The defense that bribery and corruption is a normal business practice or "politics as usual" has never been accepted by a court as a legitimate defense and should be precluded in the present case.  Rule 401 of the Federal Rules of Evidence allows only the admission of relevant evidence, which requires that the evidence be "of consequence to the determination of the action."  Fed. R. Evid. 401.

Here, no such consequence exists for evidence that others have paid bribes.  In order to put forward this defense, Defendant would first have to fully admit criminal liability, and then introduce evidence of widespread custom and corrupt practices, with no tangible benefit to his defense.  As neither custom nor the "politics as usual" defense has found support in the case law of this Court, evidence offered in support should be excluded as irrelevant, and the Government moves for its exclusion accordingly.

Defenses based upon prevailing custom, when they involve violations of criminal statutes, cannot be valid.  *See Burnett v. United States*, 222 F.2d 426, 427 (6th Cir. 1955) (court declined to admit evidence of army custom to make furniture on government time and expense); *United States v. Riley*, 550 F.2d 233, 236 (5th Cir. 1977) ("general practice is not an absolute

7

defense to criminality. . ."); *United States v. Brookshire*, 514 F.2d 786, 789 (10th Cir. 1975) ("custom and usage involving criminality do not defeat a prosecution for violation of a federal criminal statute"); *United States v. Troutman*, 814 F.2d 1428 (10th Cir. 1987) (rejecting that payoffs were just how "business was done" could serve as a defense); *United States v. O'Grady*, 742 F.2d 682, 700 (2d Cir. 1984) ("That such corruption may be widespread . . . is no more an excuse barring prosecution under the Hobbs Act than . . . the 'custom' followed for many years by American companies of giving money to officials of foreign governments with whom they did business."); *United States v. Walsh*, 700 F.2d 846, 854 (2d Cir. 1983) (holding attempts to secure fair treatment were still bribes, and illegal under the Hobbs Act); *United States v. Fawell*, No. 02CR310, 2003 WL 21544239, *8 (N.D. Ill. July 9, 2003) ("Whether the practice was common or uncommon, it was improper and the charged activities were unlawful . . . the argument and evidence that 'everybody does it'. . . [is] no more relevant here than it would be in a drug distribution prosecution.").

As the courts have repeatedly rejected reliance on local custom or cultures of corruption running rampant as a defense to violations of federal criminal statutes, the Court should preclude the offering of irrelevant evidence of an invalid defense in the present case.

## II. DESCRIPTION OF MATERIALS/EXHIBITS

The Government's exhibits to be presented in the electronic courtroom will include the following types of documents and files:

1. Emails (including those charged in Counts 1-3);
2. Checks charged in Counts 4 – 7;
3. Public records, including signed permits and Secretary of State business records;
4. Copies of cash paid by Defendant to Mr. Taylor;
5. Surveillance photos;

6. Defendant's signed interview statements;

7. Audio recordings of consensually recorded telephone calls, with accompanying transcripts; and

8. Video recordings of consensually recorded in-person meetings, with accompanying transcripts.

The government will use a trial laptop to connect to the Court's projection system.

## III. ANTICIPATED WITNESSES

The Government anticipates calling the following witnesses in its case in chief, but reserves the right to supplement this list if circumstances warrant.

| Witness | Subject of Testimony |
|---|---|
| Ayonna Blue Donald, City of Cleveland Director of Building & Housing | City Systems, Procedures, and Rules for Demolitions and Inspections |
| Rufus Taylor, retired City of Cleveland Chief of Demolition | City Systems, Procedures, and Rules for Demolitions and Inspections; Interactions with Defendant |
| Deidre Lightning-Whitted, CCLRC Senior Demolition Inspector | CCLRC Procedures and Documents for Demolitions |
| Jennifer O'Konski, CCLRC Acquisitions Assistant | CCLRC Procedures and Documents for Demolitions and Contracts |
| Richard Shaffer, CCLRC Property Specialist | CCLRC Procedures and Documents for Demolitions |
| Jane Larson, CCLRC Financial Analyst | CCLRC Procedures and Documents for Demolitions and Contracts |
| Douglas Sawyer, CCLRC Assistant General Counsel | CCLRC Procedures and Documents for Demolitions and Contracts |
| Shaun Roth, FBI Special Agent | Investigation overview; collecting recordings; surveillance; public records; interview of Defendant |

**IV.     ESTIMATE OF LENGTH OF JURY TRIAL**

The United States believes that, following the selection of the jury, the Government's case-in-chief will take approximately four trial days.

                                        Respectfully submitted,

                                        JUSTIN E. HERDMAN
                                        United States Attorney

By:    /s/ *Elliot Morrison*
          Elliot Morrison (OH: 0091740)
          Brian McDonough (OH: 0072954)
          Assistant United States Attorneys
          United States Court House
          801 West Superior Avenue, Suite 400
          Cleveland, OH 44113
          (216) 622-3919/3965
          Elliot.Morrison@usdoj.gov
          Brian.McDonough@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of June 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

s/ Elliot Morrison
Elliot Morrison
Assistant U.S. Attorney
