IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 1:19CR79 |
| Plaintiff, | ) |
| | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) |
| | ) |
| MARTIN FANO, | ) JOINT PROPOSED SUMMARY OF THE |
| | ) INDICTMENT |
| Defendant. | ) |
| | ) |

The United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Elliot Morrison and Brian McDonough, Assistant U.S. Attorneys, and Defendant Martin Fano, by and through his undersigned counsel, James C. Lynch, hereby jointly submit the following proposed summary of the Superseding Indictment (referred to for simplicity as simply, "the indictment"), to be read to the jury:

The Government has charged the Defendant, Martin Fano, with various crimes alleging that the Defendant offered or gave money or other things of value to an official of the City of Cleveland, Rufus Taylor, in exchange for Mr. Taylor using his position in the City as Chief of the Demolition Bureau to benefit the Defendant. The Defendant is charged in a seven-count indictment.

Counts 1 through 3 of the indictment charge the Defendant with the crime of Honest Services Wire Fraud, under Title 18 United States Code, Sections 1343 and 1346. Counts 4

through 7 of the indictment charge the Defendant with the crime of Honest Services Mail Fraud, under Title 18 United States Code, Sections 1341 and 1346.

The indictment charges that from in or around June 2016, and continuing through in or around November 2017, the Defendant devised a scheme to defraud and deprive the City of Cleveland and the citizens of the City of their intangible right to the honest services of Rufus Taylor, a City official, through bribery.

The indictment further alleges that the purposes of the scheme included the following:

    a.    For Defendant to receive favorable official action from the City by paying Mr. Taylor bribes in exchange for faster service or other favorable treatment regarding demolition inspections, both on specific matters pending or expected to be pending before Mr. Taylor and as opportunities arose, so that Defendant could in turn obtain faster payment for demolition jobs, which gave Defendant a competitive advantage by being able to move on to other demolition jobs in a more timely manner than Defendant's competitors, and;

    b.    For Defendant to receive favorable official action from the City by paying Mr. Taylor bribes in exchange for favorable treatment on other City matters in exchange for Mr. Taylor pressuring or advising other City officials regarding specific matters pending or expected to be pending before those other officials and as opportunities arose, so that Defendant could in turn avoid compliance requirements, obtain faster service and processing by the City, or receive other favorable treatment, and;

    c.    For Defendant to unlawfully benefit and enrich himself or Defendant's business through bribery of Mr. Taylor and the resulting favorable official action.

The indictment also alleges the Defendant carried out the scheme by the following manner and means:

    a.    Defendant gave, offered, or promised things of value to Mr. Taylor, including multiple cash payments and free meals, to obtain faster service or other favorable treatment from Mr. Taylor or the City of Cleveland.

    b.    Defendant made such payments to Mr. Taylor with the intent to influence, and in exchange for, official acts, including Mr. Taylor's own decisions or actions on matters, such as conducting inspections and issuing permits, or the scheduling of the same, as well as Mr. Taylor's influencing the official acts of other officials by advising or pressuring those officials.  Defendant knew or intended that Mr. Taylor's advice would form the basis for official acts by other public officials that would benefit Defendant, and further knew and intended that Mr. Taylor would use his supervisory authority over other City employees to exert pressure on them to perform official acts that would benefit Defendant.

    c.    From time to time, Defendant offered to pay, or did pay, Mr. Taylor money in exchange for Mr. Taylor to use his official position to provide, or agree to provide, assistance in ensuring that work performed by Defendant's business would be quickly inspected after completion.

    d.    From time to time, Defendant offered to pay, and did pay, Mr. Taylor money in exchange for Mr. Taylor to use his official position to more quickly finalize and provide Defendant with the necessary signed permits for work performed by Defendant and his business.

e.  From time to time, Defendant and Mr. Taylor spoke on the phone and in person to discuss Defendant's requests for official action favorable to Defendant and Defendant's businesses, both for actions taken or directed by Mr. Taylor himself, and actions of other City officials that Mr. Taylor would influence by advising and pressuring those other officials.

f.  From time to time, Defendant offered to pay, and did pay, for meals for Mr. Taylor in exchange for Mr. Taylor to use of his official position to provide Defendant with continued favorable treatment.

Counts 1 through 3 charge that the Defendant, for the purpose of executing and attempting to execute the bribery scheme, caused to be transmitted by means of interstate wire communications, three emails to the Cuyahoga County Land Reutilization Corporation in violation of Title 18, United States Code, Sections 1343 and 1346.  Those emails alleged in the indictment are the following:

Count 1:  An email sent on or about September 26, 2016, with subject line "9213 Marshall Ave. Demo invoice."

Count 2:  An email sent on or about 29, 2016, with subject line "909 E. 72 st. DEMO & CHANGE ORDER."

Count 3:  An email sent on or about October 19, 2016, with subject line "909 E. 72 St. retainage request."

Counts 4 through 7 charge that the Defendant, for the purpose of executing and attempting to execute the bribery scheme, caused to be mailed four checks from the Cuyahoga County Land Reutilization Corporation to the Defendant or his business, ABC Construction

4

LLC, in violation of Title 18, United States Code, Sections 1341 and 1346.  Those mailings alleged in the indictment are the following:

    Count 4:    A check for $18,835 mailed on or about October 7, 2016.

    Count 5:    A check for $7,875 mailed on or about October 14, 2016

    Count 6:    A check for $875 mailed on or about November 10, 2016

    Count 7:    A check for $925 mailed on or about January 6, 2017

The defendant denies each count in the indictment, and has pleaded not guilty to the indictment.  The indictment is not any evidence at all of guilt.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:    /s/ *Elliot Morrison*
    Elliot Morrison (OH: 0091740)
    Brian McDonough (OH: 0072954)
    Assistant United States Attorneys
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3919/3965
    Elliot.Morrison@usdoj.gov
    Brian.McDonough@usdoj.gov


    COUNSEL FOR DEFENDANT
    MARTIN FANO

By:    /s/ James C. Lynch
    James C. Lynch (OH: 0033787)
    P.O. Box 33189
    North Royalton, Ohio  44133
    (440) 382-2114
    jchurchillLynchlaw67@yahoo.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 4th day of June 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

s/ Elliot Morrison<br>
Elliot Morrison<br>
Assistant U.S. Attorney