UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISIONO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 1:19CR79 |
| Plaintiff | ) ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) ) | |
| MARTIN FANO, | ) ) ) | **DEFENDANT'S TRIAL BRIEF ADDENDUM** |
| Defendant. | ) | |

The Defendant, Martin Fano, herewith submits his Addendum to his Trial Brief in this matter in response to the Government's Trial Brief which contained a Motion in Limine for exclusion of evidence of non-corrupt conduct.

Respectfully Submitted,

s/James C. Lynch

James C. Lynch (0033787)
P. O. Box 33189
North Royalton, Ohio 44133
Ph. 440-382-2114
jchurchillLynchlaw67@yahoo.com
Counsel to Defendant

1

The Defendant is charged with a scheme to defraud by bribing a City of Cleveland employee, Mr. Rufus Taylor, in exchange for his agreement to provide faster inspections to the Defendant's demolition projects in the City of Cleveland. The Superseding Indictment also charges that, as part of the scheme, the Defendant also asked for favorable treatment in a variety of matters, outside of the demolition projects.

The Defendant is charged with Honest Services Wire Fraud (Counts 1-3) and Mail Fraud (Counts 4-7) in violation of 18 U.S. C. §§ 1343, 1341, and 1346 which scheme is alleged to have occurred in June of 2016 through November of 2017. It is essential that the government prove that, in a mail and wire fraud scheme, the defendant intended to harm the victims.

The Government's objection is misplaced since the Defendant is not trying to introduce occasions of good conduct, but rather, intends to offer evidence relevant to the factual circumstances and background to the actions pertaining to the Defendant's activities related to Rufus Taylor and the City of Cleveland.

The Defendant cites the case of *United States v. Dalton*, 266 Fed. Appx. 381 (2008) from which the Government quotes the phrase, "Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant." The Dalton court took that quote from the case of *United States v. Dobbs*, 506 F.2d 445, 447 (5th Cir. 1975) which involved the preparation of false tax returns in which the trial court correctly excluded evidence of other non falsely prepared returns. The court in *Dobbs* further stated as follows, at 447:

2

The trial court's exclusion of defendants' proffer of evidence exhibiting routine, noncriminal conduct as to some tax returns was correct. **They were not charged with a scheme** but with separate instances of criminal conduct and evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant. (Emphasis added)

In the present case, there is a scheme being charged and the existence and the nature of the scheme, as well as the Defendant's intent, can only be reflected in the facts and circumstances of the alleged bad acts. It is those circumstances the Defendant intends to introduce as he should be permitted, especially in this type of case. As the Supreme Court stated in the seminal bribery and honest services wire fraud case of *McDonnell v. United States*, 136 S. Ct. 2355 (2016), at 2371:

> It is up to the jury, under the facts in the case, to determine whether the public official agreed to perform an "official act" at the time of the alleged *quid pro quo*. **The jury may consider a broad range of pertinent evidence, including the nature of the transaction, to answer that question.**

(emphasis added).

Respectfully Submitted,

s/James C. Lynch

James C. Lynch (0033787)
P. O. Box 33189
North Royalton, Ohio 44133

3

        Ph. 440-382-2114
        jchurchillLynchlaw67@yahoo.com
        Counsel to Defendant

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing was electronically filed this 12th day of June, 2019, through the court's electronic service process to all parties.

        s/ James C. Lynch
        JAMES C. LYNCH